```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| RICHARD F. MASSEY | : | CIVIL ACTION |
| v. | : | |
| G.R. JOHNSON, WARDEN, et al. | : | NO. 10-983 |

<u>MEMORANDUM</u>

Bartle, C.J.                                                              May 13, 2011

       Richard Massey filed a pro se petition with the court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is the motion of defendant the State of Delaware (the "State") to dismiss the petition as untimely under 28 U.S.C. § 2244(d), and to dismiss Grounds II and III of the petition for lack of jurisdiction.[1] Also before the court is Massey's motion to amend or expand the record, which is in substance a motion to file an amended petition.

I.

       In 1978 a Delaware jury convicted Massey of murder in the first degree under a felony murder theory, burglary in the second degree, robbery in the first degree, three counts of possession of a deadly weapon during the commission of a felony, and conspiracy in the second degree. <u>Martin v. State</u>, 433 A.2d

---

1. The State brings its motion under Rule 4 of the Rules Governing Section 2254 Cases.

1025, 1026 (Del. 1981).² Each of these charges arose from the murder of Nancy Repman during a burglary of her home in November 1977. Id. Massey was not present in the Repman home, but conspired to commit the burglary and transported and stored the stolen goods after the burglary and murder took place. Id. at 1027-28. Massey was sentenced to a term of incarceration for his natural life without the benefit of parole plus an additional 41 years. See Chao v. State, 931 A.2d 1000, 1004 (Del. 2007) (reporting Massey's sentence). The Delaware Supreme Court affirmed Massey's conviction on direct appeal, and the United States Supreme Court denied Massey's petition for a writ of certiorari. Martin v. Delaware, 454 U.S. 1151 (table); Martin, 433 A.2d at 1029-35.³

Between 1981 and 1988, Massey filed two motions for post-conviction relief under Rule 61 of the Delaware Superior Court Rules of Criminal Procedure to remedy what he viewed as prejudicial juror misconduct.⁴ The Delaware Supreme Court

---

2. One of Massey's co-conspirators was Robert J. Martin, Jr., who was convicted on identical counts and jointly appealed his conviction with Massey.

3. The Delaware Supreme Court did vacate two of Martin's convictions for criminal contempt based on his behavior during trial. Id. at 1033.

4. Rule 61 is the exclusive method for collaterally attacking a Delaware conviction in the Delaware state courts. Del. Super. Ct. R. Crim. P. 61(b). This rule provides in pertinent part:
> This rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment
(continued...)

affirmed the Superior Court's denial of the first Rule 61 motion in 1983.  Martin v. State, 474 A.2d 141 (table) (Del. 1983); see Massey v. State, 514 A.2d 402, 403 (Del. 1986).  During litigation on Massey's second Rule 61 motion for post-conviction relief, the Delaware Supreme Court required the Superior Court to hold an evidentiary hearing on Massey's allegations.  Massey, 514 A.2d at 404.  Following the evidentiary hearing, the Superior Court denied the second Rule 61 motion, and the Delaware Supreme Court affirmed that denial on appeal.  Massey v. State, 541 A.2d 1254, 1259 (Del. 1988).  While these two Rule 61 motions were pending, Massey also filed a petition for a writ of habeas corpus with this court in 1985, which was dismissed for failing to exhaust state remedies.  See Massey, 541 A.2d at 1255.

In 2002, the Delaware Supreme Court adopted a new interpretation of the felony murder statute under which Massey was convicted.  Williams v. State, 818 A.2d 906, 910-13 (Del. 2002).  In Williams, the court decided that Delaware's then-existing felony murder statute required that the killing occur both in the course of and in furtherance of the underlying felony.  This decision partially overruled the interpretation of

---

4.(...continued)
 of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.  A proceeding under this rule shall be known as a postconviction proceeding.
Id. at 61(a).

the statute that prevailed at the time Massey was convicted.[5] Id.; see Comer, 977 A.2d 339-40. Five years later, in June 2007, the Delaware Supreme Court held that a person convicted under the pre-Williams interpretation of felony murder could collaterally attack his or her conviction with a Rule 61 motion. Chao, 931 A.2d at 1002-03.

In March 2008, Massey filed his third Rule 61 motion in which he alleged that his felony murder conviction should be vacated in light of Williams and Chao and because jury instructions given on the second-degree burglary charge caused the jury to convict him improperly of felony murder. The Superior Court found Massey's motion untimely but reached the substance of Massey's arguments and found that both lacked merit. See Massey v. State, 979 A.2d 1111 (table), 2009 WL 2415294, at *1 (Del. 2009). On appeal, the Delaware Supreme Court found that Massey's Rule 61 motion to vacate his felony murder conviction in light of Williams was untimely because it was not brought within three years of that decision. Id. at *1 n.8. The Delaware Supreme Court also affirmed the Superior Court's decision on the merits of Massey's arguments. Id. at *2.

In September 2009, Massey filed his fourth Rule 61 motion. In October 2010, the Delaware Superior Court denied that

---

5. In the wake of Williams, the Delaware legislature revised the felony murder statute to require only that the killing occur during the commission of a felony. See Comer v. State, 977 A.2d 334, 340 (Del. 2009).

motion as untimely and lacking merit. Massey did not appeal this denial to the Delaware Supreme Court.

In September 2010, before the Superior Court denied his fourth Rule 61 motion, Massey applied to the Court of Appeals for the Third Circuit for leave to file a second or successive habeas petition. The Court of Appeals ruled that Massey's application was unnecessary because his 1985 petition was dismissed without prejudice for failing to exhaust state remedies. In re Massey, Case No. 10-3707, slip op. (3d Cir. Oct. 12, 2010).

On November 16, 2010, Massey filed this petition for habeas corpus under 28 U.S.C. § 2254. The petition is dated August 31, 2010. Grounds I and II of the petition were raised in Massey's third Rule 61 motion. These grounds set forth that the jury instructions offered on second-degree burglary confused the jury into convicting him of felony murder and that the State introduced insufficient evidence to prove felony murder in light of Williams. In Ground III of his petition, Massey claims that the instructions offered at trial on accomplice liability were inconsistent with the Delaware Supreme Court's later pronouncement on the scope of the State's accomplice liability statute in Allen v. State, 970 A.2d 203, 209-214 (Del. 2009).

The State has moved to dismiss all three grounds as untimely under 28 U.S.C. § 2244(d). The State also moves to dismiss Grounds II and III as not cognizable in a § 2254 petition because they attempt to correct alleged errors of state law.

II.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), petitions for a writ of habeas corpus seeking relief from the judgment of a state court must be filed within a one-year statute of limitations. 28 U.S.C. § 2244(d). The statute of limitations runs from one of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. at § 2244(d)(1)(A)-(D). In computing how much time has elapsed before the filing of a § 2254 petition, we do not count time "during which a properly filed application for State post-conviction ... review with respect to the pertinent judgment or claim is pending." Id. at § 2244(d)(2). Because Massey's state court conviction became final before AEDPA's enactment on April 24, 1996, Massey was permitted to file a § 2254 petition no later than April 23, 1997. Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998). Massey's § 2254 petition is deemed filed when he

delivered the petition to prison officials for mailing. Id. at 112.

Massey's conviction became final on January 11, 1982 when the United States Supreme Court denied his petition for certiorari. Under § 2244(d)(1)(A), the last day for Massey to file his petition for a writ of habeas corpus was April 23, 1997 unless he can avail himself of a later deadline under § 2244(d)(1)(B)-(D).

Massey's opposition to the State's motion does not attempt to explain why Ground I of the petition is timely. Ground I of the petition, as noted above, asserts that the trial judge offered an improper instruction on the meaning of second-degree burglary. According to the memorandum Massey submitted in support of his petition, the instruction offered was incorrect in light of a Delaware Supreme Court opinion decided nine years before his trial. The clock has run on this ground of the petition under § 2244(d)(1)(A).

Massey argues that under § 2244(d)(1)(D) he could not have discovered the factual predicate of Ground II through due diligence until the Delaware Supreme Court's 2007 decision in Chao made the holding in Williams retroactive. The "factual predicate" of a claim as used in § 2244(d)(1)(D) refers to "vital facts" that could not have been known at the time the state court conviction became final. McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007). The United States Supreme Court and our Court of Appeals have held that, in appropriate circumstances, "a legal

-7-

event" such as a state court ruling may serve as the "factual predicate" for a § 2254 petition. Johnson v. United States, 544 U.S. 295, 306-07 (2005); McAleese, 483 F.3d at 216-17. Unlike the legal events in Johnson and McAleese, the "legal event" on which Massey relies, that is the Chao opinion, did not occur in a case to which Massey was a party. We will assume for the purpose of our analysis, however, that the Chao decision could form a factual predicate within the meaning of § 2244(d)(1)(D).[6]

The Delaware Supreme Court issued its opinion in Chao on June 20, 2007. Chao, 931 A.2d at 1000. Massey filed his third Rule 61 motion on March 3, 2008, raising the same claim that is Ground II in this petition. The Delaware Superior Court and Supreme Court found that this Rule 61 motion was untimely. Massey, 2009 WL 2415294, at *1 n.8. Because Massey's third Rule 61 motion was out of time under state law it was not "properly filed" in the state court within the meaning of § 2244(d)(2) and did not toll the statute of limitations under § 2244(d)(1) for a § 2254 petition filed in this court. Pace v. DiGuglielmo, 544 U.S. 408, 413-17 (2005). Massey did not file a federal petition stating Ground II within one year of the Chao decision, that is by June 20, 2008, and this claim is therefore untimely.

Massey's petition does not allege any basis on which to find equitable tolling for the claims raised in Grounds I or II.

---

6. Of course, if the Delaware Supreme Court's 2002 Williams decision was the legal event creating the factual predicate for Ground II, Massey's § 2254 petition filed in 2010 is untimely.

-8-

Equitable tolling of the statute of limitations in § 2244(d) is required when the "petitioner has in some extraordinary way ... been prevented from asserting his or her rights." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Massey filed a motion seeking permission to "expand the record" to include an amended § 2254 petition in which he alleges a basis for equitable tolling.[7] In his proposed amended petition, Massey merely states the statute of limitations should be equitably tolled because "[t]he claims are the result of a new rule of law whose factual predicate could not have been previously discovered by the exercise of due diligence and thus are entitled to statutory and/or equitable tolling consideration." Thus, Massey's proposed amended petition does not suggest the existence of any "extraordinary" circumstances that would justify equitable tolling of the statute of limitations.

Ground III of Massey's § 2254 petition asserts that the trial court failed to offer an instruction on the scope of accomplice liability that comports with the Delaware Supreme Court's later opinion in Allen v. State, 970 A.2d 203, 209-214 (Del. 2009). Massey bears the burden of proving that he exhausted state remedies as to each claim of his petition. 28 U.S.C. § 2254(b)(1)(A); Toulson v. Breyer, 987 F.2d 984, 987 (3d Cir. 1993).

---

7. Massey's motion asserts that he neglected to state any basis for equitable tolling in his original petition through inadvertence. The State did not oppose Massey's motion.

It is unclear whether Massey raised Ground III of his § 2254 petition in his third Rule 61 motion. The memorandum accompanying Massey's § 2254 petition suggests he exhausted state remedies with regard to Count III by presenting the issue to the Delaware Supreme Court during the appeal of his third Rule 61 motion.[8] The Delaware Supreme Court affirmed the denial of that motion on September 18, 2009. Assuming that Massey's injection of the issue during an appeal to the Delaware Supreme Court satisfied the exhaustion requirement, Massey must have filed his § 2254 petition by September 18, 2010 to be timely.

In September 2010, Massey applied to the Court of Appeals for the Third Circuit for leave to file a second or successive § 2254 petition. Massey dated the application August 27, 2010, and the Court of Appeals stamped the application "received" on September 13, 2010. Massey submitted the § 2254 petition filed in this case as an exhibit to his application for leave. The petition filed with the Court of Appeals and later with this court is dated August 31, 2010.[9] On October 12, 2010, the Court of Appeals determined that Massey was not required to obtain leave before filing a § 2254 petition.

---

8. Massey does not specify which Rule 61 motion was on appeal when he presented this issue to the Delaware Supreme Court. We note, however, that the <u>Allen</u> opinion was issued after the Superior Court denied Massey's third Rule 61 motion and before the Delaware Supreme Court affirmed that denial. In addition, the state court docket shows Massey's fourth Rule 61 motion was never before the Delaware Supreme Court.

9. The proposed § 2254 petition appears at pages 42 to 56 of the application.

Although Massey's petition is dated August 31, 2010, it was post-marked on November 15, 2010, and was stamped "received" by the clerk's office on November 16, 2010. The exact date Massey submitted his petition to prison officials for mailing to this court is unknown, but this sequence of events leads the court to conclude Massey waited until after receiving the Court of Appeals' October 12, 2010 decision before submitting his § 2254 petition for mailing here. Because this was more than one year after September 18, 2009, the date the Delaware Supreme Court disposed of Massey's third Rule 61 motion, this ground of the petition is time barred. As noted above, petitioner stated no cognizable basis for equitable tolling.

Massey also presented Ground III to the Delaware courts in his fourth Rule 61 motion filed on November 19, 2009. To exhaust state remedies, Massey was required to present Ground III to the highest Delaware state court before raising that claim in a § 2254 petition. Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007). Massey did not appeal the Superior Court's denial of his fourth Rule 61 motion to the Delaware Supreme Court. Thus, any grounds presented for the first time in that motion have not been exhausted within the meaning of § 2254(b)(1)(A).

If Massey exhausted state remedies as to Ground III of his § 2254 petition with his third Rule 61 motion, then this ground of the petition is untimely. 28 U.S.C. § 2244(d)(1)(A). If Massey first raised Ground III before the Delaware courts in his fourth Rule 61 motion, then he failed to exhaust state

remedies. 28 U.S.C. § 2254(b)(1)(A). In either case, Ground III of the petition is not properly before this court.